THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW SORENSEN, an individual, | Case No. 2:18-cv-00446 BAT |
| Plaintiff, | **DEFENDANTS' PRETRIAL STATEMENT** |
| v. | |
| CPC SPECIAL LOGISTICS WEST, LLC, a Washington corporation, and LARRY KELLER, an individual, | |
| Defendants. | |

Pursuant to LCR 16, Defendants CPC Special Logistics West, LLC and Larry Keller (collectively "Defendants") provides the following pretrial statement regarding their defense to claims asserted by Plaintiff Matthew Sorensen ("Plaintiff").

## I. OBJECTIONS, ADDITIONS OR CHANGES TO PLAINTIFF'S STATEMENT ON FEDERAL JURISDICTION AND STATEMENT OF UNDISPUTED FACTS:

### A. Statement on Federal Jurisdiction

Defendants agree with Plaintiff's statement on jurisdiction.

### B. Statement of Undisputed Facts

Defendants agree that it is an undisputed fact that:

1. Defendants hired Sorensen in or around July 2008 as a truck driver.

2. Defendants initially paid Sorensen on a straight hourly basis as a delivery driver, and began paying him based on a combination of mileage for his driving time and hourly for his on-duty non-driving time when he became a relay driver in 2014.

3. Sorensen worked more than forty hours in at least one week in which Defendants paid him based on CPC's mileage plus hourly formula.

4. Sorensen previously submitted to three random drug tests while employed by CPC, all of which yielded negative results.

5. In December 2015, Sorensen injured his left shoulder while at work.

6. Sorensen filed a worker's compensation claim for his left shoulder injury.

7. Sorensen visited a surgeon for his left shoulder injury. The surgeon diagnosed him with a torn rotator cuff.

8. Sorensen's surgeon ordered that he be put in light duty work.

9. After Sorensen worked at a thrift store for some time, his doctor took him =off light duty.

10. Sorensen underwent surgery on or about January 19, 2016.

11. On January 28, 2016, Mr. Keller informed Sorensen that he was selected for a random drug test.

12. Sorensen had a doctor's appointment on the afternoon of January 28, 2016.

13. On January 29, 2016, Defendants informed Sorensen that he was termination because his test result was "Positive for Refusal to Test."

14. Sorensen visited two doctors on February 1 and February 4, and obtained notes stating that his medication may have some impact on his ability to urinate.

15. After Defendants terminated Sorensen, he applied for unemployment benefits. Defendants contested Sorensen's application; the Washington Employment Security Department allowed Sorensen to collect unemployment benefits.

Defendants deny Plaintiff's remaining factual allegations.

Defendants add the following undisputed facts:

16. Matthew Sorensen received and signed to acknowledge his receipt of CPC's Handbook and CPC's Drug and Alcohol Policy, G-006.

17. Matthew Sorensen remained at the U.S. Health Works testing center for under three hours on the day of his test, January 28, 2016.

18. Sorensen drove himself to the test center.

19. Matthew Sorensen did not explain or provide any medication to test center staff.

20. Sorensen was advised by test center staff that leaving would constitute a positive test.

21. CPC's random drug testing lists are pulled by a third-party entity, NDI. The January 2016 list that included Sorensen was randomly pulled using a random number generator.

22. U.S. Health Works deemed Sorensen refused to test on January 28, 2016.

23. Sorensen did not know who Larry Foltz was until he received his January 29, 2016 termination letter.

24. CPC did not formally contest Sorensen's December 2015 workers' compensation claim while Sorensen was employed at CPC.

25. Sorensen began receiving workers' compensation payments within weeks of his December 8, 2015 application.

26. Sorensen did not provide medical documentation from his doctors to CPC regarding difficulty urinating until February 18, 2016.

## II. AFFIRMATIVE DEFENSES AND/OR CLAIMS FOR RELIEF

1. Defendants will argue that Plaintiff was an exempt employee under Section 13(b)(1) of the Federal Motor Carrier Act, and thus subject to a pay formula that is not strictly on an hourly rate.

2. Defendants will argue that Matthew Sorensen violated DOT regulations and CPC policy when he left the testing center before three hours expired.

3. Defendants will argue that Plaintiff failed to mitigate any damages he allegedly suffered as a result of his termination for violation of CPC policy.

## III. OBJECTIONS, ADDITIONS OR CHANGES TO PLAINTIFF'S STATEMENTS OF CLAIMS FOR RELIEF AND ISSUES OF LAW

1. Plaintiff is not entitled to pursue a disparate impact disability discrimination claim at trial; Plaintiff waived this cause of action by failing to include it in Plaintiff's complaint, and failing to raise it until Plaintiff's Response to Defendants' Motion for Summary Judgment.

2. "Whether Sorensen's inability to urinate on command" constitutes a disability under Washington is not a material issue of law in this case because Mr. Sorensen did not face termination because he could not urinate "on command." Properly stated, the legal issue is whether Sorensen's alleged difficulty urinating due to his medication constitutes a disability under Washington law. Additionally, this is a mixed question of law and fact.

3. "Whether Defendants enforced a facially-neutral policy in a manner that fell more harshly on Sorensen because of his disability" is a legal issue that relates only to a disparate impact claim, which Sorensen waived by failing to allege it in his complaint, and cannot pursue at trial. It also depends on questions of fact.

4. "Whether Defendants calculated Sorensen's overtime into his mileage rate and notified him of the formula it used" misstates Washington law. Correctly stated, the legal issue is "Whether Defendants paid Sorensen using a formula that is the reasonable equivalent of a straight hourly plus overtime form of compensation." The remaining portion of this statement of law, whether CPC "notified him of the formula it used," should read "whether Sorensen requested notification of the formula CPC used, and whether CPC then provided it," and depends on questions of fact.

## IV. ADDITIONAL ISSUES OF LAW

1. Whether Plaintiff violated DOT regulations and CPC policy by leaving the test center before three hours had expired.

2. Whether Defendants are entitled to their attorneys' fees incurred in defending this action.

3. Whether Defendants are entitled to their costs of suit as the prevailing parties under Rule 54 of the Federal Rules of Civil Procedure.

## V. WITNESSES

In addition to the right to call any of Plaintiff's witnesses, Defendants list:

1. Larry Keller will be called regarding his role as Mr. Sorensen's supervisor, Mr. Sorensen's pay formula, the documents Mr. Sorensen received regarding his pay formula, CPC's random drug testing process, CPC's relationship with U.S. Health Works, Mr. Keller's process for calling those selected for random tests, Mr. Keller's lack of authority to unilaterally appoint alternates, Mr. Keller's call to Mr. Sorensen advising him of his random drug test, when Mr. Keller

was notified that Mr. Sorensen refused his test, and Mr. Keller's lack of role in Mr. Sorensen's termination.  Will testify.

> c/o DLA Piper LLP
> 701 Fifth Avenue, Suite 6900
> Seattle, WA 98104

2. Larry Foltz will be called regarding his role as CPC's Drug and Alcohol Program administrator, CPC's random drug testing policy and process, CPC's understanding of the regulations it is required to follow, CPC's policy to include all employees on workers' compensation in its testing pool, CPC's relationship with National Diagnostics Inc. and U.S. Health Works, Mr. Keller's lack of authority to unilaterally appoint alternates, when Mr. Foltz was notified that Mr. Sorensen refused his test, Mr. Foltz's lack of knowledge of Mr. Sorensen or any alleged medical condition, and Mr. Foltz's approval for Mr. Sorensen's termination and the related termination letter.  Will testify.

> c/o DLA Piper LLP
> 701 Fifth Avenue, Suite 6900
> Seattle, WA 98104

3. Robin Blackwell may be called regarding her role in administering Drug and Alcohol Program administrator, CPC's random drug testing policy and process, CPC's understanding of the regulations it is required to follow, CPC's policy to include all employees on workers' compensation in its testing pool, CPC's relationship with National Diagnostics Inc. and U.S. Health Works, Mr. Keller's lack of authority to unilaterally appoint alternates, and Mr. Foltz's approval for Mr. Sorensen's termination and the related termination letter.  May testify.

> c/o DLA Piper LLP
> 701 Fifth Avenue, Suite 6900
> Seattle, WA 98104

4. Butch Wallis serves as Executive Vice President of CPC Logistics, Inc., and may be called regarding CPC's pay policies, including how CPC sets its mileage rates.  May testify.

c/o DLA Piper LLP
701 Fifth Avenue, Suite 6900
Seattle, WA 98104

5.  Mike Perry may be called to testify regarding CPC use of investigations regarding workers' compensation claims, including the use of interviews. Mr. Perry may also testify regarding his knowledge of Mr. Sorensen's 2015 workers' compensation claim. May testify.

c/o DLA Piper LLP
701 Fifth Avenue, Suite 6900
Seattle, WA 98104

6.  Anne Alabach. Anne Alabach may be called to testify regarding CPC use of investigations regarding workers' compensation claims, including the use of interviews. Ms. Alabach may also testify regarding her knowledge of Mr. Sorensen's 2015 workers' compensation claim. May testify.

c/o DLA Piper LLP
701 Fifth Avenue, Suite 6900
Seattle, WA 98104

7.  Greg Lima may be called to testify regarding CPC use of investigations regarding workers' compensation claims, including the use of interviews. Mr. Lima may also testify regarding his knowledge of Mr. Sorensen's 2015 workers' compensation claim. May testify.

c/o DLA Piper LLP
701 Fifth Avenue, Suite 6900
Seattle, WA 98104

## VI. EXHIBITS

**Defendants' Additional Exhibits**

| Ex. No. | Description | Bates Range | Electronic Format? |
|---|---|---|---|
| 100. | Pay Provisions for CPC Logistics Drivers Assigned to the Walgreen Company (10/28/2012) | CPC0000863–64 | Yes |

| Ex. No. | Description | Bates Range | Electronic Format? |
|---|---|---|---|
| 101. | Schedules of Wages and Working Conditions for CPC Logistics employees (Various dates) | CPC0000137–42 | Yes |
| 102. | Letter from Michael Harris to Alfredo Di Tolla (June 5, 2017), including pay provisions for various years and CPC calculations regarding Mr. Sorensen's pay formula | CPC0000001–16 | Yes |
| 103. | NDI Drug Screen Test Result Summaries (Various dates) | CPC0000351–58 | Yes |
| 104. | CPC policies signed by Matthew Sorensen (various dates) | CPC0000124-131; 649–55 | Yes |
| 105. | Recap of disciplinary actions (09/24/2015) | CPC0000656 | Yes |
| 106. | Emails from Robin Blumenthal East Division, West Division regarding 2014 Random Drug Testing Selections (Various dates) | CPC0000953–59 | Yes |
| 107. | Emails from Robin Blumenthal East Division, West Division regarding various 2015 Random Drug Testing Selections (Various dates) | CPC0000995–1005 | Yes |
| 108. | Emails from Robin Blumenthal East Division, West Division regarding various 2016 Random Drug Testing Selections (Various dates) | CPC0001053–64 | Yes |
| 109. | NDI Drug and Health Screening – Random Compliance Report (01/11/2016) | CPC0000645 | Yes |
| 110. | Uniform Rules and Regualtions for Those Employees Assigned to Walgreens Oshkosh, Inc. | CPC0000741 | Yes |
| 111. | General Work Rules (10/28/2012) | CPC0000861-62 | Yes |
| 112. | Email discussion between Matthew Sorensen and Juan Moya (Various dates) | SOREN 000064–71 | Yes |
| 113. | Discharge Questionnaire – Matthew Sorensen (11/3/2016) | SOREN 000046–48 | Yes |
| 114. | Complaint | N/A | Yes |

| Ex. No. | Description | Bates Range | Electronic Format? |
|---|---|---|---|
| 115. | Plaintiff's Answers to Defendants' first Rogs and RFPs | N/A | Yes |
| 116. | Letter from Blaque Parker, HireRight, to Robin Blackwell (03/19/2019) | N/A | Yes |
| 117. | Records relating to Mr. Sorensen's January 28, 2016 refusal to test (Various dates) | CPC0000883–96 | Yes |
| 118. | Letters sent by Larry Foltz terminating employees who were deemed positive for refusal to test (Various dates) | CPC000960-1161 | Yes |
| 119. | Driver Training and Operation Manual | CPC0000659-740 | Yes |
| 120. | Letter to the Department of Labor and Industries regarding Mr. Sorensen's wage claim, and attachments (02/05/2019) | SOREN 000119-124 | Yes |
| 121. | CPC Drug and Alcohol policies (Various dates) | SOREN000096-99 | Yes |
| 122. | Withdrawal of wage claim confirmation letter | SOREN000734 | Yes |
| 123. | Sorensen estimated hours worked | SOREN000768-778 | Yes |
| 124. | Exit Interview Sheet (01/29/2016 | CPC0000293 | Yes |
| 125. | Detailed payroll data (Various) | CPC0000496-525 | Yes |

Defendants reserve the right to offer any of the exhibits listed in Plaintiff's pretrial statement, including in electronic format. Pursuant to LCR 16(j), Defendants will provide Plaintiff with Defendants' objections to Plaintiffs' exhibits prior to the parties' LCR 16 pretrial conference scheduled for April 16, 2019.

Respectfully submitted this 11th day of April, 2019.

DLA PIPER LLP (US)

*s/ Eric Franz*
Anthony Todaro, WSBA No. 30391
Eric Franz, WSBA No. 52755
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044
Tel:   206.839.4800
Fax:   206.839.4801
E-mail:  anthony.todaro@dlapiper.com
E-mail:  eric.franz@dlapiper.com

Attorneys for Defendants CPC Special Logistics West, LLC and Larry Keller

**CERTIFICATE OF SERVICE**

I, Eric Franz, hereby certify that on April 13, 2019, I emailed the following to Plaintiff's counsel:

- Defendants' Pretrial Statement, and
- Certificate of Service

Dated this 13th day of April, 2019

*s/ Eric Franz*
Eric Franz, WSBA No. 52755

WEST\285948451.1

DEFENDANTS' PRETRIAL STATEMENT - 10
No. 2:18-CV-00446 BAT

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800